UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA – EASTERN DIVISION

| | |
|---|---|
| NATIVE PET, INC.,<br><br>                    Petitioner. | Case No. 3:24-mc-00011-SBJ<br><br>**APPLICATION FOR THE ISSUANCE OF SUBPOENAS DUCES TECUM PURSUANT TO 35 U.S.C. § 24** |

Native Pet, Inc. ("Native Pet") hereby applies pursuant to 35 U.S.C. § 24 for the issuance of Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises (collectively, the "Subpoenas"), directed to Kent Corporation, Kent Pet Group, Inc., and Kent Shared Services, LLC.  The purpose of these subpoenas is to obtain discoverable information in connection with a trademark cancellation proceeding currently pending before the United States Patent and Trademark Office ("USPTO")'s Trademark Trial and Appeal Board ("TTAB"), relating to U.S. Trademark Registration No. 5,539,828 for the mark NATIVE PET.

In support of this Application, Native Pet represents as follows:

1.      Native Pet is the owner of U.S Trademark Registration No. 5,539,828 for NATIVE PET for use in connection with "Dietary pet supplements in the form of pet treats; Dietary supplements for pets ("NATIVE PET mark").

2.      Kent Nutrition Group, Inc. ("Kent Nutrition") is the owner of U.S. Trademark Registration No. 3,412,140 for NATIVE for use in connection with "pet foods" ("NATIVE mark").  Kent Nutrition has filed a Petition for Cancellation of Native Pet's NATIVE PET mark alleging that it creates a likelihood of confusion with Kent Nutrition's NATIVE mark.  A copy of Kent Nutrition's Petition for Cancellation is attached hereto as Exhibit 1.

3.      Native Pet has alleged, in response, that there is no likelihood of confusion with Kent Nutrition's registered mark.  Native Pet has also asserted several affirmative defenses, including laches, estoppel, and acquiescence.  Further, Native Pet has alleged that Kent Nutrition

had actual knowledge of Native Pet's use and registration of the NATIVE PET mark at least as early as Summer 2022, when Native Pet was contacted by an investment banking firms—Nolan & Associates—purportedly acting on behalf of Kent Corporation and/or one of its subsidiaries to inquire whether Native Pet would be interested in selling its assets to Kent.  A copy of Native Pet's Answer is attached hereto as Exhibit 2.

4.       During discovery, Kent Nutrition has contradicted itself about the intended Kent beneficiary of Nolan & Associates' outreach to Native Pet, citing both itself and Kent Pet Group, Inc. at one point.  *Compare* Declaration of Joyce Liou ("Liou Decl.") Ex. A [Kent Nutrition's May 23, 2023 Responses and Objections to Native Pet's Second Set of Interrogatories] at 11 [Interrogatory No. 20] (indicating that "Nolan and Associates 'prospects' for Kent Nutrition Group") *with* Liou Decl. Ex. B [Kent Nutrition's September 26, 2023 Responses and Objections to Native Pet's Second Set of Requests for Production of Documents] at 3-4 [Request No. 24] (indicating that "its sister corporation Kent Pet Group, Inc., and not [Kent Nutrition], has a relationship with Nolan & Associates."); *see also* ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮

5.       ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

sf-5931880

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████

6.     ██████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

7.     On information and belief, Kent Corporation manages ████████████

████████ through Kent Shared Services, LLC ("Kent Shared Services").  This is supported by ████

████████████████████████████████, as well as by filings with the Iowa Secretary of

State that indicate that Kent Shared Services has the same Principal Office as Kent Corporation,

Kent Nutrition, and Kent Pet Group, Inc.   *See* Liou Declaration Ex. D [Kent Shared's 2023

Biennial Report] at 1 (indicating that Kent Shared's Principal Office is 2905 US Hwy 61 North,

Muscatine, IA 52761); Liou Decl. Ex. E [Kent Corp.'s 2024 Biennial Report] at 3 (indicating that

Kent Corp.'s Principal Office is 2905 US Hwy 61 North, Muscatine, IA 52761); Liou Decl. Ex. F

[Kent Nutrition's 2024 Biennial Report] at 4 (indicating that Kent Nutrition's Principal Office is

2905 US Hwy 61 North, Muscatine, IA 52761); Liou Decl. Ex. G [Kent Pet Group, Inc.'s 2024

3

Biennial Report] at 4 (indicating that Kent Nutrition's Principal Office is 2905 US Hwy 61 North, Muscatine, IA 52761).

8.      Native Pet, Inc. is entitled to pursue third-party discovery in connection with the Cancellation Proceeding.

9.      Generally, *inter partes* proceedings before the TTAB are governed by the Rules of Practice in Trademark Cases set forth in Part 2 of Title 37 of the Code of Federal Regulations.  See 35 U.S.C. §23 (granting the Director of the Patent and Trademark Office ("PTO") the authority to "establish rules for taking affidavits and depositions required in cases in the [PTO].").  Under the PTO's rules, the Federal Rules of Civil Procedure generally apply to all phases of *inter partes* proceedings, such as the Cancellation Proceedings, see 37 C.F.R. § 2.116(a), including discovery and the taking of depositions, see 37 C.F.R. § 2.120(a).

10.     To facilitate discovery in *inter partes* proceedings before the TTAB, which lacks the authority to compel witnesses through subpoenas, Congress has granted federal district courts subpoena authority under 35 U.S.C. § 24 to command the appearance of witnesses and the production of documents in USPTO administrative proceedings:

> The clerk of any United States court for the district wherein testimony is to be taken for use in any contested case in the Patent and Trademark Office, shall, upon the application of any party thereto, issue a subpoena for any witness residing or being within such district, commanding him to appear and testify before an officer in such district authorized to take depositions and affidavits, at the time and place stated in the subpoena. The provisions of the Federal Rules of Civil Procedure relating to the attendance of witnesses and to the production of documents and things shall apply to contested cases in the Patent and Trademark Office.

35 U.S.C. § 24.

11.     A party to a TTAB *inter partes* proceeding can also obtain nonparty documents by subpoena pursuant to 35 U.S.C. § 24 with or without a deposition.  *Id*.; *El Encanto, Inc. v. Hatch*

sf-5931880

*Chile Co., Inc.*, 825 F.3d 1161, 1163, 1167 (10th Cir. 2016) ("a party to a TTAB proceeding can obtain nonparty documents without wasting everyone's time and money with a deposition no one really wants").

12.    The Cancellation Proceeding is a "contested case in the Patent and Trademark Office."   The term "contested case," as used in 35 U.S.C. § 24 means "a proceeding in which the PTO has provided for the taking of depositions for use in that proceeding." *Abbott Labs. v. Cordis Corp.*, 710 F.3d 1318, 1322 (Fed. Cir. 2013).   The USPTO has provided for the taking of depositions for use in Cancellation Proceedings:

> The deposition of a natural person shall be taken in the Federal judicial district where the person resides or is regularly employed or at any place on which the parties agree in writing. The responsibility rests wholly with the party taking discovery to secure the attendance of a proposed deponent other than a party or anyone who, at the time set for taking of the deposition, is an officer, director, or managing agent of a party, or a person designated under Rule 30(b)(6) . . . of the Federal Rules of Civil Procedure.  (*See* 35 U.S.C. § 24).

37 C.F.R. § 2.120(b).

13.     A "witness" as used in the statute, is not limited to natural persons, and allows the court to reach corporations and other juristic persons. *Rosenruist-Gestao E Servicos LDA v. Virgin Enters., Ltd*., 511 F.3d 437, 444-46 (4th Cir. 2007) ("We agree with VEL that the 'witness' is not limited only to natural persons.   The USPTO regulations expressly contemplate the use of Rule 30(b)(6) depositions in which the corporation is the 'person' named in the subpoenas as the deponent.  *See* 37 C.F.R. §§ 2.120(b), 2.124(b)(2).  Nothing in the text of 35 U.S.C. § 24 suggests to us that, in the context of a contested PTO action, the interplay between Federal Rules 30(b)(6) and 45 operates differently."); *see generally El Encanto, Inc*., 825 F.3d 1161 (permitting subpoena *duces tecum* issued pursuant to 35 U.S.C. § 24 directed toward corporation).

14.     This Application is proper pursuant to 35 U.S.C. § 24 and the Subpoenas should

be issued for the following reasons.

15.    First, the Subpoenas seek information that is relevant to the Cancellation Proceeding, including but not limited to admissible evidence relating to Kent Corporation or its subsidiaries' first knowledge of Native Pet's use of the NATIVE PET mark; the circumstances surrounding Kent Corporation-affiliated agents' outreach regarding a potential acquisition of Native Pet; the marketing, advertising, promotion, or distribution of goods offered under the NATIVE mark by Kent entities other than Kent Nutrition; perceived similarities or differences in Native Pet's goods or business as compared to Kent's goods or business; perceived similarities or differences in Native Pet's actual or target customers, trade channels, and/or pricing; and any instances of actual confusion from Native Pet's mark known to Kent entities other than Kent Nutrition.  This evidence is relevant to Native Pet's rebuttal to Kent's claim of likelihood of confusion and to Native Pet's affirmative defenses in the Cancellation Proceeding.  In addition, the information sought is relevant evidence that cannot be obtained from elsewhere.  Indeed, at least as it relates to Kent Pet Group, Inc., ████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████

16.    Second, the Subpoenas meet all the statutory requirements for issuance under 35 U.S.C.  § 24.  Because  the  third parties all have their registered Principal Offices at 2905 US Hwy 61 North, Muscatine, IA, 52761, the Application seeks issuance of the Subpoenas from this district, and the Subpoenas require compliance within this district.

17.    Third, the Subpoenas are narrowly tailored and seek to obtain the required

sf-5931880

documents and testimony while attempting to avoid imposing undue burden on Kent Corp., Kent Pet Group, Inc., and Kent Shared.

18.     Fourth, and finally, Native Pet will comply with all applicable provisions of Federal Rule of Civil Procedure 45.   Native Pet will provide notice of the Subpoenas to counsel for Kent Nutrition in the Cancellation Proceeding prior to service of the Subpoenas, and Native Pet will tender any necessary fees and traveling expenses in connection with the Subpoenas.

## **CONCLUSION**

In sum, this Court has the statutory authority to issue the Subpoenas in connection with the aforementioned Cancellation Proceeding.  The Subpoenas seek relevant evidence, are narrowly tailored, and in all other respects comply with all applicable requirement of 35 U.S.C. § 24 and the Federal Rules of Civil Procedure.  Accordingly, the Court should grant this Application and enter an order requiring the Clerk of the Court to issue the Subpoenas pursuant to 35 U.S.C. § 24, and attached hereto as Exhibits 3 (directed to Kent Corporation), 4 (directed to Kent Shared), and 5 (directed to Kent Pet Group, Inc.).  A proposed order is filed herewith for the Court's consideration.

sf-5931880

Dated:  May 14, 2024                              Respectfully submitted,

By: */s/ Reuben A. Neff*
    Reuben A. Neff                              AT0013226
    Wandro, Kanne, & Lalor, P.C.
    2015 Grand Avenue, Suite 102
    Des Moines, Iowa 50312
    Telephone:  515.281.1475
    Facsimile:  515.281.1474
    Email:        rneff@wandrolaw.com

    */s/ Grant Woodard*
    Grant Woodard                              AT0012026
    Wandro, Kanne, & Lalor, P.C.
    2015 Grand Avenue, Suite 102
    Des Moines, Iowa 50312
    Telephone:  515.281.1475
    Facsimile:  515.281.1474
    Email:        gwoodard@wandrolaw.com

    *Attorneys for Petitioner*
    Native Pet, Inc.

8